122 F.3d 1069
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth BANTUM, Plaintiff-Appellant,
v.
SYNTEX LABORATORIES, INC., a Delaware corporation;
Hoffman-Laroche, Inc., a New Jersey corporation;
John Does I-V, Defendants-Appellees.
 No. 97-15161.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997**
Aug. 27, 1997.
 
 Appeal from the United States District Court for the District of Nevada, D.C. No. CV-95-00673-DWH; David Warner Hagen, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth Bantum appeals the district court's summary judgment in favor of Syntex Laboratories Inc. ("Syntex") and Hoffman-LaRoche Inc. ("H-L"), in a diversity action alleging wrongful termination and breach of employment contract. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo to determine whether, viewing the evidence in the light most favorable to Bantum, a genuine issue of material fact exists and whether the district court properly applied the relevant substantive law. See Continental Ins. Co. v. Metro-Goldwyn-Mayer, Inc., 107 F.3d 1344, 1346 (9th Cir.1997).
 
 
 4
 Bantum contends that Syntex's promises to use a "consistent, rigorous and objective" selection process in retaining employees following its corporate merger with H-L rebut Nevada's at-will employment presumption and establish a contractual modification supported by sufficient consideration. We disagree.
 
 
 5
 The district court properly held that the voice mail message and two written representations were insufficient to overcome the presumption that Bantum was employed at-will. See Yeager v. Harrah's Club, Inc., 897 P.2d 1093, 1096 (Nev.1995) (assertions of oral promises, even if accepted as true, did not overcome at-will presumption). Given this conclusion, even if there were an agency relationship between Syntex and H-L, because Syntex is not liable to Bantum, neither is H-L.
 
 
 6
 We further reject Bantum's contention that Syntex should be equitably estopped from repudiating a promise to use a "rigorous and consistent" selection process. The statement does not constitute a representation that all Syntex employees would be retained except for cause. Nor could Bantum reasonably have relied upon such a promise to his detriment. See Alamo Rent-A-Car, Inc. v. Mendenhall, 937 P.2d 69, 73 (Nev.1997). Accordingly, we conclude that summary judgment was proper. See Continental Ins. Co., 107 F.3d at 1346.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3